FILED

2016 SEP 16 AM 11:56

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JAMES SZWARZ, individually and as a representative of the proposed Rule 23 Class

Plaintiff,

v.

ROTECH HEALTHCARE, INC. a/k/a Sleep Central

Defendant.

Case No.: 6:16-CV-1623-ORL-31-TBS

**CLASS ACTION COMPLAINT**

**Jury Demand**

Plaintiff James Szwarz ("Szwarz" or "Plaintiff"), individually and on behalf of the Proposed Rule 23 Class, alleges on personal knowledge, investigation of his counsel, and on information and belief as follows:

1. This case is about Defendant Rotech Healthcare, Inc.'s illegal attempts to market its products by making prerecorded telemarketing calls to cellular phones through the use of an automatic telephone dialing system in plain violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (the "TCPA").

**INTRODUCTION**

2. Advancements in telephone dialing technology by the 1980s and 90s made reaching a large number of consumers by telephone easier and more cost-effective. However, this technology has also brought with it an onslaught of unsolicited robocalls, spam text messages, and junk faxes that intrude individual privacy and waste consumer time and money. As a result, the federal government and numerous states have enacted legislation to combat these widespread telemarketing abuses. As Congress recognized:

> Many customers are outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers.... Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Pub. L. No. 102-243 § 2(6, 12) (1991), *codified at* 47 U.S.C. § 227.

3. As is relevant here, federal law under the TCPA prohibits "mak[ing] any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice... to any telephone number assigned to a ... cellular telephone service[.]" 47 U.S.C. § 227(b)(1)(A)(iii). Where the call "includes or introduces an advertisement or constitutes telemarketing," the called party must have given their "prior express <u>written</u> consent." 47 C.F.R. § 64.1200(a)(2) (emphasis added); 47 C.F.R. §64.1200(f)(8). The TCPA provides for "both" injunctive relief and the greater of actual damages or $500 per violation, which can be trebled where the statute was "willfully or knowingly" violated. 47 U.S.C. § 227(b)(3).

4. Rotech Healthcare, Inc. ("Rotech" or "Defendant") contacted, and/or caused to be contacted on their behalf, Plaintiff and Class Members on their cellular telephones without their prior express consent, whether written or otherwise, for non-emergency purposes via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or by using "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A). Defendant also violated the TCPA by making two or more such calls within a 12-month period to Plaintiff and those Class Members who are on the

Do Not Call Registry. 47 U.S.C. § 227(c)(4); 47 C.F.R. §64.1200(c)(2).

5. Accordingly, Plaintiff brings this action for statutory and treble damages and injunctive relief, as well as attorneys' fees and costs, under the TCPA, all arising from the illegal actions of Defendant as described herein.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227, *et seq.*

7. This Court has personal jurisdiction over Rotech because the company is licensed to and does conduct business in the State of Florida and because its corporate headquarters are located in Florida. Rotech has established minimum contacts showing it has purposefully availed itself to the resources and protection of the State of Florida.

8. Venue is proper in the United States District Court for the Middle District of Florida because a substantial portion of the underlying events occurred in this District, because Plaintiff resides here, because Defendant is deemed to reside in any judicial district in which they are subject to personal jurisdiction at the time the action is commenced, and because Defendant's contacts with this District are sufficient to subject it to personal jurisdiction.

## PARTIES

9. Plaintiff James Szwarz is, and at all times mentioned herein was, an individual citizen of the State of Florida, who resides in this District.

10. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

11. Defendant is a Delaware corporation with its principal office in this

District. Defendant, directly and through its subsidiaries, provides respiratory and sleep apnea treatment, including its own brand of home medical equipment. Defendant operates in 10 markets in Tennessee, 5 markets in Alabama, and 23 markets in Florida.

12. Defendant is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153(39).

**FACTUAL ALLEGATIONS**

13. Plaintiff's cell phone number has been on the National Do Not Call Registry since approximately August 27, 2005.

14. In October of 2015, Plaintiff picked up a doctor-prescribed sleep apnea machine from a medical supply company in Sarasota, Florida, which represented itself as "Medaids."

15. In truth, Medaids is a fictional name for Rotech Oxygen and Medical Equipment, Inc.

16. Rotech Oxygen and Medical Equipment, Inc. is a subsidiary of Defendant.

17. In fact, Medaids comes up as a search result when one utilizes the "find a location" function on Defendant's website.

18. In November of 2015, frustrated by his inability to use the sleep apnea machine, Plaintiff returned the machine to the Medaids office. To the extent that a previous relationship existed between Plaintiff and Defendant, Rotech Oxygen and Medical Equipment, Inc. or Medaids, return of the equipment terminated any such relationship.

19. After returning the machine, Plaintiff began receiving telephone calls to his cell phone from the number 866-360-3101. During each call, a substantially identical

prerecorded message was played or was left on Plaintiff's voicemail. Between February 29, 2016 and July 25, 2016, Plaintiff received approximately 36 such messages.

20. Plaintiff recognized the call as using an automated telephone dialing system because there was a delay after he answered (and before the recorded message began) and because the recorded message cuts out slightly at the beginning of each call and is unintelligible at certain points. In addition, the voice tone and background noise on the call sounded prerecorded, as opposed to a live voice. Plaintiff did not provide prior express consent to receive these calls.

21. Among other things, the messages received through the calls incorrectly indicate that it is time for Plaintiff to replace his medical supplies, direct Plaintiff to call the patient care service at 866-360-3101, and conclude by stating, "Thanks for choosing Sleep Central, and have a nice day."

22. Sleep Central is not an actual company and, instead, is a fictitious name for Defendant.

23. In other words, Sleep Central is Rotech Healthcare, Inc.

24. Indeed, the Florida Department of State's website lists Defendant as the "owner" of the name "Sleep Central," and Defendant's own website recognizes Sleep Central as a division of Defendant, lists "Rotech Sleep Central's" phone number in the "billing help" section, and advertises the quality and type of its products made available through Sleep Central.

25. After receiving the messages, Plaintiff dialed 866-360-3101 in order to confirm the entities responsible for the illegal telemarking calls.

26. When Plaintiff dialed 866-360-3101, an automated system greeting stated,

"Welcome to the Sleep Central C-PAP Patient Care System," requested that Plaintiff enter his phone number, explained that Plaintiff's insurance carrier indicates that Plaintiff is eligible to receive new supplies, and went on to list various products that Plaintiff could receive. The system prompted a response of yes or no for each product and, when all were declined, the system stated that it will call again in a few months and provided the following number 1-800-288-1853.

27. 1-800-288-1853 is listed on Defendant's website as the number to call for assistance in obtaining supplies.

28. Prior to returning the call as explained above, Plaintiff had never provided his cell phone number or gave his consent to Defendant or to any other entity whereby Defendant became privileged to make telemarketing calls to Plaintiff's cell phone.

29. Defendant's calls are telemarketing calls and not calls made for the purpose of delivering a health care message.

30. The content of the calls plainly demonstrates that they are not comprised of appointment and exam conformations and reminders, wellness checkups, hospital pre-registration instructions, pre-operative instructions, lab results, post-discharge follow-up intended to present readmission, prescription notifications, or home healthcare instructions.

31. Rather, the calls were made for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services—specifically, Defendant's medical supplies.

32. As explained above, Plaintiff returned the machine to Defendant's subsidiary and, accordingly, each of Defendant's subsequent calls was for the purpose of

inducing Plaintiff to purchase new products or services.

33. Defendant knowingly and actively accepts business originated through the illegal telemarketing calls described above.

## CLASS ACTION ALLEGATIONS

34. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

35. Plaintiff brings this action individually and on behalf of the Proposed Rule 23 Class as defined herein (hereinafter referred to as "the Class") pursuant to Federal Rule of Civil Procedure 23.

36. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> All persons within the United States who received a telephone call from 866-360-3101, placed for the purpose of marketing Rotech goods or services, to a cellular telephone through the use of an autodialer and/or voice message that had been recorded ahead of time.
>
>> DNC Subclass: Plaintiff alleges a subclass of persons who received more than one such call in any 12 month period despite their inclusion on the Do Not Call Registry and previous termination of service.

Collectively, all these persons will be referred to as "Class Members." Plaintiff represents, and is a member of, the Class and DNC Subclass.

37. Excluded from the Class are the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant' agents and employees, any Judge to whom this action is assigned and any member of such Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

38. Plaintiff does not know the exact number of members in the Class, but

Plaintiff reasonably believes that there are well over 100 Class Members.

39. Plaintiff and all members of the Class have been harmed by the acts of the Defendant.

40. The TCPA, 47 U.S.C. §227(b)(3)(C), provides that a plaintiff may seek "both" monetary and injunctive relief; this Class Action Complaint seeks both.

41. The joinder of all Class Members is impracticable due to the size of the class and relatively modest value of each individual claim.

42. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

43. Further, the Class can be identified easily through records maintained by Defendant.

44. There are well-defined, nearly identical, questions of law and fact affecting all parties.

45. The questions of law and fact, referred to above, involving the class claims predominate over questions which may affect individual Class Members.

46. Such common questions of law and fact include, but are not limited to, the following:

a. Whether Defendant used an automatic telephone dialing system in making non-emergency calls to Class Members' cell phones;

b. Whether Defendant can meet its burden of showing it obtained express consent, *i.e.*, consent consistent with the objective requirements of 47 C.F.R. § 64.1200(f)(8), prior to making to make such calls;

c. Whether the Defendant's conduct was knowing and/or willful;

d. Whether the Defendant is liable for statutory damages; and

e. Whether the Defendant should be enjoined from engaging in such conduct in the future.

47. As a person who received non-emergency telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice, without providing his prior express consent to the Defendant within the meaning of the TCPA, Plaintiff asserts claims that are typical of each Class Member who also received such phone calls.

48. Further, Plaintiff will fairly and adequately represent and protect the interests of the Class.

49. Plaintiff has no interests which are antagonistic to any member of the Class.

50. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal consumer protection statutes, including claims under the TCPA.

51. A class action is the superior method for the fair and efficient adjudication of this controversy.

52. Class wide relief is essential to compel the Defendant to comply with the TCPA.

53. The interest of the Class Members in individually pursuing claims against the Defendant is slight because the statutory damages for an individual action are relatively small, and are therefore not likely to deter the Defendant from engaging in the same behavior in the future.

54. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the Class Members, by definition, did not provide the prior express consent required under the statute to authorize such calls to their cellular telephones.

55. Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate.

56. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

## COUNT I

### *STATUTORY VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT*
### 47 U.S.C. § 227(b)(1)(A)(iii)

**(On behalf of Plaintiff and the Class against all Defendant)**

57. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

58. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

59. As a result of the Defendant' violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Class Members are entitled to an award of $500 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

60. Plaintiff and Class Members are also entitled to and do seek injunctive

relief prohibiting the Defendant' violation of the TCPA in the future.

61. Plaintiff and Class Members are also entitled to an award of attorneys' fees and costs as provided by law.

**COUNT II**

***KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT***
**47 U.S.C. § 227(b)(1)(A)(iii)**

**(On behalf of Plaintiff and the Class against all Defendant)**

62. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

63. The foregoing acts and omissions of the Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii). Defendant knew that it was using an ATDS and prerecorded messages to make these calls, and made these calls in spite of the fact that knew that it did not have the recipients' prior express consent.

64. As a result of the Defendant' knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and each member of the Class is entitled to treble damages of up to $1,500 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

65. Plaintiff and all Class Members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by the Defendant in the future.

66. Plaintiffs and Class Members also request an award of attorneys' fees and costs as provided by law.

**COUNT III**

**STATUTORY VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT AND ITS IMPLEMENTING REGULATION 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2)**

**(On behalf of Plaintiff and the DNC Subclass against all Defendant)**

67. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

68. The foregoing acts and omissions by Defendant constitute violations of 47 U.S.C. § 227(c), which prohibits initiating calls to a person's residential or cellular telephone for telemarketing purposes where such number is listed on the Do Not Call Registry. *See* 47 C.F.R. § 64.1200(c)(2). A private right of action attaches where there is more than one call during a twelve month period. 47 U.S.C. § 227(c)(5).

69. As a result of the Defendant' violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Class Members on the Do Not Call Registry are entitled to damages for each and every call in violation of the statute. *See* 47 U.S.C. § 227(c)(5).

70. Plaintiff and Class Members on the Do Not Call Registry are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by the Defendant in the future. *See id.*

71. Plaintiff and Class Members on the Do Not Call Registry are also entitled to an award of attorneys' fees and costs as provided by law.

**COUNT IV**

***KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT***
**47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2)**

**(On behalf of Plaintiff and the Class against all Defendant)**

72. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

73. The foregoing acts and omissions of the Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2). Defendant knew that it was making calls for the purpose of selling goods or services, knew that it did not have proper authorization to do so, but made these calls in spite of the fact that knew that it did not have the recipients' prior express consent.

74. As a result of the Defendant' knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and each member of the Class is entitled to treble damages of up to $1,500 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

75. Plaintiff and all Class Members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by the Defendant in the future.

76. Plaintiffs and Class Members also request an award of attorneys' fees and costs as provided by law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all Class Members the following relief against the Defendant:

A. Injunctive relief prohibiting such violations of the TCPA by the Defendant in the future;

B. As a result of the Defendant' willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member treble damages, as provided by statute, of up to $1,500 for each and every call that violated the TCPA, to be paid jointly and severally by the Defendant as a group;

C. As a result of Defendant' statutory violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500 in statutory damages for each and every call that violated the TCPA, to be paid jointly and severally by the Defendant as a whole;

D. As a result of Defendant' violations of 47 C.F.R. § 64.1200(c), Plaintiff seeks for himself and the other Class Members whose telephone numbers were called at least twice within any 12-month period despite being registered with the National Do Not Call Registry, up to $500 in statutory damages for each and every call that violated such regulations, or—where such regulations were willfully or knowingly violated—up to $1,500 for each and every call in violation, to be paid jointly and severally by the Defendant as a group

E. An award of attorneys' fees and costs to counsel for Plaintiff and the Class, to be paid jointly and severally by the Defendant as a whole as permitted by law;

F. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

G. Such other relief as the Court deems just and proper.

DATED: September 12, 2016

Patrick C. Crotty (FBN 0108541)
Scott D. Owens, Esq. (FBN 0597651)
SCOTT D. OWENS, P.A.
3800 S. Ocean Dr., Ste. 235
Hollywood, FL 33019
Tel: 954-589-0588
Fax: 954-337-0666
Patrick@scottdowens.com
scott@scottdowens.com

**BURKE LAW OFFICES, LLC**
Alexander H. Burke, IL Bar No. 6281095*
155 N. Michigan Avenue, Suite 9020
Chicago, IL 60601
Telephone: (312) 729-5288
Facsimile: (312) 729-5289
ABurke@BurkeLawLLC.com

**NICHOLS KASTER, PLLP**
Anna P. Prakash, MN Bar No. 0351362*
Eleanor Frisch, MN Bar No. 0397776*
4600 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: 612-256-3200
Facsimile: 612-338-4878
aprakash@nka.com
efrisch@nka.com

* applications for admission *pro hac vice* forthcoming

ATTORNEYS FOR PLAINTIFF AND THE PROPOSED CLASS